IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-259-BO

| | |
|---|---|
| WALLACE PITTMAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SAFELITE GLASS CORP., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for summary judgment [DE 27 & 31]. For the reasons stated herein, the defendant's motion for summary judgment is GRANTED, and plaintiff's motion for summary judgment is DENIED.

## BACKGROUND

Plaintiff alleges that he was terminated from his employment with Safelite Glass Corp. ("Safelite") on the basis of his heart condition and seizures. [DE 4 at 2–5]. Specifically, plaintiff alleges that he should have been granted a vacation day for his absence on December 28, 2009, and that Safelite's denial of his request and assessment of his sixth attendance point which resulted in his termination, constitutes discrimination.[1]

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is

---

[1] While the complaint states that it is brought pursuant to Title VII of the Civil Rights Act of 1964, it is clear from the allegations contained in the complaint, as well as plaintiff's deposition testimony, that plaintiff is actually asserting a disability discrimination claim under the Americans with Disabilities Act.

met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

In order to establish a prima facie case of wrongful discharge under the Americans with Disabilities Act ("ADA"), plaintiff must demonstrate that; (1) he was a qualified individual under the ADA; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met Safelite's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Harris v. Reston Hosp. Ctr.*, 523 Fed. App'x 938, 947 (4th Cir. 2013) (unpublished).

"[A] regular and reliable level of attendance is an essential function of one's job." *Lamb v. Qualex, Inc.*, 33 Fed. App'x 49, 56 (4th Cir. 2002) (unpublished). Consequently, "[a]n employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA." *Id.* at 56–57 (citing *Tyndall v. Nat'l Educ. Ctrs.*, 31 F.3d 209, 213 (4th Cir. 1994).

Here, plaintiff took leaves of absence each year during the last five years of his employment and was absent approximately 12 months out of the last 18 months of his employment. The record clearly shows that plaintiff had an attendance problem which resulted in his termination under Safelite's attendance policy. Because plaintiff was unable to perform the

2

essential function of attending work in a regular manner, Safelite is entitled to summary judgment on plaintiff's disability discrimination claim because plaintiff cannot establish that he was a qualified individual under the ADA or that he was performing at a level meeting Safelite's expectations. Accordingly, plaintiff cannot establish a prima facie case of wrongful discharge under the ADA and Safelite is entitled to summary judgment.

As the Court has granted summary judgment in defendant's favor, plaintiff's motion for summary judgment is denied. Further, defendant's motion to amend/correct the scheduling order is denied as moot as this matter has now been resolved.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED and plaintiffs' motion for summary judgment is DENIED. Defendant's motion to amend/correct [DE 33] is DENIED AS MOOT. The Clerk is DIRECTED enter judgment accordingly and to close the file.

SO ORDERED.

This __9__ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE